UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Comerica Bank,

                Plaintiff,      Case No. 21-cv-12296

v.                                  Judith E. Levy
                                  United States District Judge

Cartograf USA, Inc.,
                                  Mag. Judge Curtis Ivy, Jr.
              Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND THE COURT'S ORDER [20]**

Before the Court is Defendant Cartograf USA, Inc.'s motion to amend (ECF No. 20) the Court's order entered on January 20, 2022. (ECF No. 17.) Plaintiff Comerica Bank responded to the motion (ECF Nos. 23, 24), and Defendant replied. (ECF No. 26.) Plaintiff also submitted a supplemental filing. (ECF No. 27.) For the reasons set forth below, Defendant's motion to amend the Court's order is DENIED.

**I.    Background**

On February 12, 2021, prior to the filing of the complaint, Defendant "guaranteed payment of all existing and future indebtedness

due and owing to Plaintiff" in an executed guaranty. (ECF No. 1, PageID.3; ECF No. 1-2.) On the same day, Defendant also executed a security agreement. (ECF No. 1-8.) The security agreement gave Plaintiff the right to sell the collateral specified in the agreement "in accordance with Article 9 of the Uniform Commercial Code, being M.C.L. 440.9101." (*See* ECF No. 1, PageID.3, 5; ECF No. 1-8.)

On September 29, 2021, Plaintiff brought this suit against Defendant, alleging that Defendant defaulted under the guaranty. (*See* ECF No. 1, PageID.4.) In its complaint, Plaintiff sought damages and possession of the collateral specified in the security agreement. (*See id.* at PageID.4–5.) On November 29, 2021, Plaintiff filed an unopposed motion for default judgment (ECF No. 10), which the Court granted on January 14, 2022. (ECF No. 15.) In granting Plaintiff's motion, the Court entered a judgment

> in favor of Plaintiff Comerica Bank and against Defendant Cartograf USA, Inc. for the amount of $9,658,966.38 in principal, plus interest in the amount of $1,498.75 per diem from the date of default, September 1, 2021, plus all other recoverable costs and fees, including reasonable attorneys' fees in the amount of $32,736, and costs in the amount of $1,199.73.

(*Id.* at PageID.229.)

2

On January 19, 2022, Plaintiff filed an *ex parte* motion for an order prohibiting Defendant from "transferring, encumbering, or otherwise disposing of nonexempt property until the judgment is satisfied in full." (ECF No. 16, PageID.238.) Plaintiff indicated that Defendant had not yet paid any portion of the judgment. (*See id.*) Plaintiff also indicated that "Defendant's only asset of which . . . [Plaintiff] is aware is real estate located in Virginia." (*Id.*) Plaintiff was concerned that Defendant "might sell the real property that it owns in Virginia, thereby depriving Plaintiff of an opportunity to have a recovery on its judgment." (*Id.* at PageID.231.) On January 20, 2022, the Court granted Plaintiff's motion and issued an order in accordance with Mich. Comp. Laws § 600.6104(2), Michigan Court Rule 2.621(A)(2), and Federal Rule of Civil Procedure 69(a) prohibiting the transfer of property by Defendant. (ECF No. 17, PageID.249–250.) In the order, "[p]roperty" is defined as having "the broadest meaning possible, and includes without limitation real property, personal property, tangible property, and intangible property." (*Id.* at PageID.250.)

On August 17, 2022, Defendant filed the present motion to amend (ECF No. 20) the Court's January 20, 2022 order that prohibits

3

Defendant from transferring property. (ECF No. 17.) In its motion, Defendant seeks to exclude its Virginia property from the order's definition of "property." Defendant argues that the Virginia property was improperly included in the order's definition of "property" because the parties' security agreement excludes the Virginia property from the agreement's definition of "collateral." (*See* ECF No. 20, PageID.256; ECF No. 1-8, PageID.98.) In its response to Defendant's motion to amend the Court's order, Plaintiff disputes that the security agreement and its definition of "collateral" limit what Plaintiff can recover in enforcing the Court's judgment. Plaintiff argues that the security agreement's definition of "collateral" is irrelevant because "[Plaintiff] is not proceeding under that agreement." (ECF No. 24, PageID.510.)

The Court notes that the basis for Defendant's motion is unclear. Defendant states in its motion that "[t]here is substantial legal authority supporting the substance and timing of the motion." (ECF No. 20, PageID.266.) Defendant then goes on to reference Federal Rule of Civil Procedure 60(a) and (b) and the Court's "own inherent discretion." (*Id.*) However, Defendant does not discuss Rule 60(a), Rule 60(b), or the Court's "own inherent discretion" in the substance of its arguments,

4

which appear in a later portion of the motion. (*See id.* at PageID.268–272.) Even if the Court treats Defendant's motion as being brought under Rule 60(a) and Rule 60(b), the Court denies the motion. Moreover, the applicable substantive law does not support granting Defendant the relief it requests.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 60(a), a district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature." *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016).

Federal Rule of Civil Procedure 60(b) identifies certain conditions under which "the court may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Whether to grant relief under Rule 60(b) is in the court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and

convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

### III. Analysis

Defendant does not show that it is entitled to relief under Rule 60(a), Rule 60(b), or the Court's "own inherent discretion." Although Defendant references Rule 60(a) in its motion, it does not argue or demonstrate that the alleged mistake in the Court's order was "clerical" or "mechanical in nature." Fed. R. Civ. P. 60(a); *Braun*, 828 F.3d at 515. Rule 60(a)

> deals *solely* with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). When the change sought is substantive in nature, such as a change in the calculation of interest not originally intended[ or] the addition of an amount to a judgment to compensate for depreciation in stock awarded, . . . relief is not appropriate under Rule 60(a). Thus a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.

11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (3d ed. 2022) (emphasis added) (footnotes omitted). Further, "Rule 60(a) is not a vehicle for relitigating matters that already

6

have been litigated and decided, nor to change what has been deliberately done." *Id.* (footnote omitted). Because Defendant's proposed amendment to the Court's January 20, 2022 order is substantive, would modify the terms of the order, and would "change what has deliberately been done," *id.*, Rule 60(a) does not provide a proper basis for seeking or granting the requested relief. Therefore, Defendant is not entitled to relief under Rule 60(a).

Similarly, Defendant has not met its burden of showing that relief under Rule 60(b) is warranted. "Rule 60(b) applies only to 'final' orders." *Maisano v. Sterling Heights Dodge, Inc.*, No. 2:18-cv-10702, 2022 WL 446741, at *7 (E.D. Mich. Feb. 14, 2022) (quoting *Payne v. The Courier-J.*, 193 F. App'x 397, 400 (6th Cir. 2006)). Here, Defendant has not shown that the Court's January 20, 2022 order was final. "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* (quoting *Bd. of Trs. of Plumbers, Pipe Fitters & Mech. Equip. Serv., Loc. Union No. 392 v. Humbert*, 884 F.3d 624, 625–26 (6th Cir. 2018)). In fact, Defendant appears to acknowledge the non-final nature of the Court's order by noting that the order prohibited Defendant from transferring its property

7

"until further discretion of the Court." (ECF No. 20, PageID.266 (quoting ECF No. 17, PageID.250)); *see In re LWD, Inc.*, 335 F. App'x 523, 527 (6th Cir. 2009) (holding that a damages order was non-final because the order "does not fully dispose of the damages issue, but instead expressly contemplates 'further hearings to determine' whether certain of the damages awarded should ultimately be refunded . . . ."). Because the challenged order is not final in nature, Defendant is not entitled to relief under Rule 60(b).[1]

Assuming that the Court has "inherent discretion" to modify its prior order,[2] Defendant is not entitled to the relief it seeks under the applicable law. Defendant argues in its motion that the parties' security agreement takes its Virginia property "'off the table' for purposes of any

---

[1] To the extent Defendant brings its motion under Rule 60(b), Defendant argues that the motion was made "within a reasonable time." (*See* ECF No. 20, PageID.267–268.) Plaintiff argues that Defendant's motion "is untimely and should be denied for that reason alone." (*See* ECF No. 23, PageID.443–445.) As noted above, Defendant does not show that Rule 60(b) is applicable here. Therefore, the Court does not reach the parties' arguments about the timeliness of Defendant's motion.

[2] In its motion, Defendant points to the language of the Court's January 20, 2022 order and Mich. Comp. Laws § 600.6104(5) to support its argument that the Court has discretion to modify the order. (ECF No. 20, PageID.266.) Mich. Comp. Laws § 600.6104(2) and (5) together give the Court discretion to issue an order preventing the transfer of "any property" to enforce a judgment, but the statute is silent as to the Court's authority to modify such an order.

8

collections action" and that amending the order would "do justice to the parties' agreement." (ECF No. 20, PageID.268.) This argument lacks merit because Plaintiff's remedies are not limited by the parties' security agreement, as discussed below.

A secured creditor's ability to foreclose on collateral does not prevent it from pursuing other remedies or compel it to foreclose on collateral before pursuing other remedies. *See, e.g.*, *First State Tr. Co. v. Weld*, No. 2:20-cv-11612, 2020 WL 7014594, at \*2 (E.D. Mich. Aug. 26, 2020) ("Collateral provides 'the secured party with an immediate source of recovery in addition to the standard remedies of an unsecured creditor.'"); *Spizizen v. Nat'l City Corp.*, No. 09-11713, 2011 WL 1429226, at \*5 (E.D. Mich. Apr. 14, 2011) ("Michigan courts have been consistent in holding that, under the UCC, banks may seek money judgments against a debtor in default while simultaneously pursing other remedies, such as foreclosing on collateral."); *Mich. Nat'l Bank v. Marston,* 29 Mich. App. 99, 107 (1970) (concluding that "the intent of the [UCC] was to broaden the options open to a creditor after default rather than to limit them"). Moreover, Mich. Comp. Laws § 600.6104(2) and (5) unambiguously give the Court discretion to prohibit the transfer of "any

9

property" for the purposes of enforcing a judgment. Thus, Defendant is incorrect that the terms of the security agreement warrant excluding Defendant's Virginia property from the Court's order.

In addition, as Plaintiff correctly notes, the language of the parties' agreements does not limit Plaintiff's remedies to only foreclosing on collateral. (*See* ECF No. 23, PageID.431–432; ECF No. 1-2; ECF No. 1-8.) The parties' security agreement states that

> [n]othing in this Agreement is intended, nor shall it be construed, to preclude [Plaintiff] from pursuing any other right or remedy provided by law or in equity for the collection of the Indebtedness or for the recovery of any other sum to which [Plaintiff] may be entitled for the breach of this Agreement by [Defendant].

(ECF No. 23, PageID.431; ECF No. 1-8, PageID.104.) Similarly, the guaranty does not specify that foreclosing on collateral is Plaintiff's sole remedy. (*See* ECF No. 1-2.) Therefore, even if the Court were to assume that Defendant has identified a proper legal basis for bringing its motion, Defendant does not present a valid reason for the Court to amend its previous order prohibiting the transfer of property by Defendant.

## IV. Conclusion

For the reasons set forth above, Defendant's motion to amend the Court's order (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: February 7, 2023            s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                            United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2023.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager